IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD WASHINGTON,

    Petitioner,

v.                                                  No. 14-933-DRH

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM and ORDER**

**I.    INTRODUCTION**

Pending before the Court is petitioner Ronald Washington's motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1). Also pending is Washington's motion to compel the Court to rule on his § 2255 petition, filed on September 4, 2015 (Doc. 20). Based on the record and the following, the Court **DENIES** the petitioner's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1). Further, having closely examined the record, the Court concludes that an evidentiary hearing is not necessary in this matter. It is proper to deny a § 2255 petition without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *Cooper v. United States,* 378 F.3d 638, 641–42 (7th Cir. 2004) (district court did not abuse its discretion in denying petitioner an evidentiary hearing where petitioner did not provide additional facts or assertions

that would warrant a hearing). The Court **DENIES** the petitioner's motion to compel (Doc. 20) as **MOOT**.

## II.    BACKGROUND

The Drug Enforcement Administration ("DEA") began investigating Washington in February of 2011. According to Washington's Presentence Investigation Report, undercover DEA agents met with Washington's son to discuss the purchase and delivery of cocaine on behalf of Washington. At the time, Washington was in a federal halfway house as part of a sentence imposed following his 2005 conviction for Possession with Intent to Distribute in Excess of 50 Grams of Crack Cocaine in the Eastern District of Missouri.

On July 8, 2011, Washington was released to supervised release. On July 27, 2011, a transaction of cocaine between Washington and an undercover agent was negotiated. On August 5, 2011, Washington met with the undercover agent to facilitate the cocaine transaction. Upon meeting with the agent, Washington was arrested and remained in custody at the Pontoon Beach, Illinois Police Department jail until August 8, 2011. On August 8, 2011, Washington appeared in the Eastern District of Missouri for an initial appearance on a violation of supervised release and was detained without bond. His supervised release was revoked in the Eastern District of Missouri, on September 15, 2011, and he was sentenced to 60 months imprisonment.

On February 23, 2012, Washington was indicted in the Southern District of Illinois on the charge that, on or about August 5, 2011, in Madison County, within

the Southern District of Illinois, Washington knowingly and intentionally Attempted to Possess with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 8419a)(1) and 846. On May 15, 2012, Washington appeared in the Southern District of Illinois, and was arrested on the warrant in the instant offense.

The case was continued once, on June 25, 2012, by Washington's own motion for continuance (12-cr-30059 Doc. 19). Washington's counsel discussed this motion with her client and filed it with Washington's consent and agreement to waive his speedy trial rights (Doc. 17-1). The undersigned judge concluded that the ends of justice were properly served by this continuance (12-cr-30059 Doc. 20).

On August 9, 2012, Washington entered into a written plea agreement with the United States Attorneys' Office for the Southern District of Illinois and pleaded guilty to count 1 (12-cr-30059 Doc. 24). Magistrate Judge Stephen C. Williams took the plea after the parties consented to the same (12-cr-30059 Doc. 24, 52). Also on that date, Washington stipulated to the facts establishing his guilt. (12-cr-30059 Doc. 25). Washington also waived his right to appellate or post-conviction relief (12-cr-30059 Doc. 24).

Washington was sentenced by the undersigned judge on November 16, 2012 (12-cr-30059 Doc. 55). A Presentence Investigation Report ("PSR") was filed in advance (12-cr-30059 Doc. 31) and counsel discussed the PSR with Washington in advance of sentencing (Doc. 17-1). The Court sentenced

Washington to 5 years' imprisonment, the statutory minimum given the intended drug quantity. *See id*. § 841(b)(1)(B)(ii). The sentence was to run consecutively with the undischarged term of imprisonment in the Eastern district of Missouri.

Washington filed a timely notice of appeal on November 30, 2012. Washington informed his counsel he wished to only appeal his sentence, not his guilty plea, and counsel explained the appeals process to Washington (Doc. 17-1). *See also U.S. v. Washington,* 523 Fed.Appx. 393, 394 (7th Cir. 2013) ("Counsel does not discuss the voluntariness of Washington's guilty plea or the adequacy of his plea colloquy because, she says, Washington told her that he does not wish to challenge his guilty plea."). Washington's counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) moving to withdraw on the ground that the possible claims identified on appeal were frivolous. Washington opposed the motion to withdraw and filed a response. In his response, Washington asserted that his guilty plea should be set aside because the government violated the Speedy Trial Act by waiting too long to indict him after he was arrested. In assessing this argument, the Appellate Court explained that Washington's unconditional guilty plea waived any challenge to nonjurisdictional defects that arose before the plea – including speedy trial act claims. *Id.* Washington did not assert any other basis for challenging his guilty plea and, after reviewing the plea colloquy, the Appellate Court concluded the undersigned judge substantially complied with Federal Rule of Criminal Procedure 11(b). *Id.*

With respect to whether Washington could challenge the reasonableness of his sentence, the Appellate Court explained that because "Washington's prison term falls within the calculated (indeed, the stipulated) range, the [waiver contained in the plea agreement] would prevent him from challenging his sentence on appeal." *Id.* To the extent that Washington had any claim related to ineffective assistance of counsel, the Appellate Court stated such claims are best raised on collateral attack. *Id.*

On July 25, 2013, the Seventh Circuit Court of Appeals dismissed Washington's direct appeal. *Id.* Washington did not seek a writ of certiorari from the Supreme Court, and his judgment became final ninety days later on October 23, 2013. *See Clay v. United States,* 537 U.S. 522 (2003).[1] Washington timely filed the subject § 2255 petition on August 25, 2014 (Doc. 1).

### III. LEGAL STANDARD

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. More precisely, "[r]elief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). As a result, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for

---

[1] While his appeal was pending, Washington filed a motion in the district court to set aside and vacate the judgment, arguing that he was entitled to a dismissal under the Speedy Trial Act (12-cr-30059 Doc. 62). The Court denied Washington's motion for lack of jurisdiction.

extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

Of course, a § 2255 motion does not serve as a "recapitulation nor a substitute for direct appeal." *Belford v. United States,* 975 F.2d 310, 313 (7th Cir. 1992). Thus, a defendant cannot use a § 2255 motion to challenge "(1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, *unless* the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal." *Id.*

A defendant may validly waive the right to collaterally attack his conviction or sentence as part of a valid plea agreement. *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (*citing Jones v. United States*, 167 F.3d 1142, 1144–45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions. The limited exceptions include when the plea agreement was involuntary; the district court relied on a constitutionally impermissible factor at sentencing; the sentence exceeded the statutory maximum; or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement. *Keller*, 167 F.3d at 681 (*citing Jones*, 167 F.3d at 1144–45). However, ineffective assistance of counsel claims relating to anything other than a plea negotiation are barred by an enforceable waiver. *Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000); *see also Mason v. United*

*States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (finding that because the defendant's ineffective assistance of counsel claim related only to counsel's performance with respect to sentencing, it had nothing to do with the issue of a deficient negotiation of the waiver and was barred by a waiver).

Because claims of ineffective assistance of counsel usually involve evidence outside of the trial record, such claims may be brought for the first time in a Section 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). Petitioner bears a heavy burden to establish ineffective assistance of counsel. *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995). These claims are evaluated under the two-prong *Strickland* test. *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (*citing Strickland v. Washington*, 466 U.S. 688, 690, 694 (1984)). Petitioner must establish that (1) counsel's performance fell below an objective standard of reasonableness and (2) that counsel's deficient performance prejudiced the petitioner in such a way that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 688, 695. The Court is not required to analyze both the performance and prejudice prong, because the failure to satisfy either prong is fatal to the claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993); *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990).

To show that counsel's performance fell below an objective standard of reasonableness, a petitioner must identify "acts or omissions of counsel that

could not be the result of professional judgment. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011). To meet the prejudice prong, a petitioner need only show a reasonable probability that counsel's conduct altered the outcome, or, in other words, a probability sufficient to undermine confidence in the outcome. *McElvaney v. Pollard*, 735 F.3d 528, 533 (7th Cir. 2013).

### IV.   ANALYSIS

#### A. *United States v. Harden* Does Not Warrant Relief

##### 1. **Overview**

Washington contends the Seventh Circuit's recent decision in *United States v. Harden,* 758 F.3d 866 (7th Cir. 2014) applies retroactively and bars his plea of guilty. In *Harden*, the Seventh Circuit determined that, under the Federal Magistrates Act, magistrate judges are "not permitted to accept guilty pleas in felony cases and adjudge a defendant guilty." *Harden*, 758 F.3d at 888–91. In the instant case, Washington's plea of guilty to felony possession with intent to distribute cocaine was accepted by a magistrate judge. However, for the reasons discussed below, *Harden* does not provide a basis for relief in the instant case.

### 2. *Harden* is not retroactive

Washington's conviction and direct appeal became final on October 23, 2013 – before the Seventh Circuit decided *Harden* (July 14, 2014). Thus, Washington's claim for relief can only proceed if *Harden* involves a new rule[2] that applies retroactively in collateral proceedings.

As a preliminary matter, the Court notes it is unaware of *any* examples of non-Supreme Court cases applied retroactively on collateral review. In the context of Supreme Court decisions, the retroactivity determination must be made by the Supreme Court. *Price v. U.S.,* 795 F.3d 731, 733 (7th Cir. 2015). As recently explained by the Seventh Circuit, Supreme Court precedent indicates two types of rules are categorically retroactive: (1) substantive rules and (2) "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Price,* 795 F.3d at 733-735 (*quoting Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), Aside from these two categories of rules, the general presumption is that new rules are *not* retroactively applicable to cases on collateral review. *Teague v. Lane*, 489 U.S. 288, 310-311, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

As is discussed below, *Harden* does not present a substantive rule or a watershed rule of criminal procedure. Accordingly, even assuming the above

---

[2] As is discussed below, *Harden* does not announce a new rule. Rather, *Harden* concluded the subject procedure violated already existing rules in the Federal Magistrates Act and is based on longstanding Supreme Court precedents. Nonetheless, for purposes of assessing the issue of *Harden's* retroactive application, the Court proceeds as if *Harden* announces a new rule.

standard is applicable to appellate court decisions, *Harden* does not meet the standard for retroactive application.[3]

First, the Court considers whether *Harden* announces a substantive rule. "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes." *Schiro v. Summerlin,* 542 U.S. 348, 353, 124 S.Ct. 2519, 2223 (2004). "In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id. Harden* provides that an Article III judge, and not a magistrate, must accept felony guilty pleas. This does not "narrow the scope of a criminal statute" or "place particular conduct or persons covered by the statute beyond the State's power to punish." Instead, it affects the *manner* in which a plea is accepted. Thus, *Harden* announces a procedural rule and not substantive rule.

Second, the Court considers whether *Harden* presents a watershed rule of criminal procedure. A watershed rule of criminal procedure is one that is "fundamental" and "without which the likelihood of an accurate conviction is seriously diminished." *Teague*, 489 U.S. at 312-313. As the Supreme Court has noted, watershed rules are exceedingly rare:

> We have repeatedly emphasized the limited scope of the second *Teague* exception, explaining that it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty. And, because any qualifying rule would be so central to an accurate determination of innocence or guilt [that it is] unlikely that many such components of

---

[3] The Court also notes the Seventh Circuit has not indicated that *Harden* is retroactively applicable in collateral proceedings.

> basic due process have yet to emerge, it should come as no surprise that we have yet to find a new rule that falls under the second Teague exception.

*Beard v. Banks*, 542 U.S. 406, 417, 124 S.Ct. 2504, 159 L.Ed.2d 494 (2004) (internal quotations omitted). As the government notes, Washington has not established that his conviction was more suspect simply because a non-Article III judge accepted his guilty plea. Moreover, *Harden* did not suggest that allowing a magistrate judge to hear pleas in felony cases seriously diminishes the likelihood of an accurate conviction. Rather, as discussed above, the Court of Appeals decision was premised solely on a statutory interpretation of the Federal Magistrates Act.

For the reasons discussed herein, the Court concludes that *Harden* is not retroactively applicable in collateral proceedings.

### 3. The Propriety of having a Magistrate Judge accept Washington's guilty plea is a non-constitutional issue that could have been raised on direct appeal

*Harden* does not announce a *new* rule of criminal procedure. Rather, *Harden* concluded the disputed procedure violated already existing rules in the Federal Magistrates Act. Further, *Harden* is premised on longstanding Supreme Court precedent. *See, e.g., Peretz v. United States*, 501 U.S. 923, 931–33 (1991); *Johnson v. Ohio*, 419 U.S. 924, 925 (1974); *Brady v. United States*, 397 U.S. 742, 748 (1970). Thus, Washington could have asserted on direct appeal (as did *Harden*) that allowing a magistrate to accept his plea of guilty violated the Federal

Magistrates Act. As Washington failed to raise this issue on direct appeal, the claim has been waived.

### 4. To the extent that Washington seeks to raise a constitutional issue, the claim has been waived.

The Court further notes that Washington does not assert allowing a magistrate judge to accept his felony guilty plea violated the structural guarantees of Article III (an issue raised by the defendant in *Harden* but not addressed by the Appellate Court).[4] However, even if Washington had asserted this constitutional claim in his § 2255 petition, the claim would have been waived. This constitutional claim was ripe at the time of his direct appeal. Failure to raise an issue available at the time of appeal, forfeits the claim during a future collateral attack. *See* 28 U.S.C. § 2255.

### 5. Washington's guilty plea waived any argument with respect to *Harden*

Washington also waived any claim with respect to *Harden* in his plea agreement. The Seventh Circuit has found these types of waivers to be valid. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided that the waiver is knowing and voluntary.[5]

---

[4] As previously noted, the Harden court evaded the constitutional claim in their opinion. The court specifically stated: "We need not reach Harden's constitutional claim, alleging a magistrate judge's acceptance of a felony guilty plea violates the structural guarantees of Article III, because the statutory violation is clear." *United States v. Harden*, 758 F.3d 886, 891 (7th Cir. 2014).

[5] In the instant case, Washington agreed that he "knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court." Before entering the guilty plea, Washington discussed his plea agreement with his attorney and was informed of the potential consequences of

*United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also*, *United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct 349 (1995). Further, the Seventh Circuit has found that a waiver of a Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id*. at 1144, *United States v. Woolley*, 123 F.3d 627, 631-632 (7th Cir. 1997). *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. Neither circumstance is applicable here.

Additionally, a waiver may be invalid in the following two circumstances: (1) ineffective assistance of counsel *in the negotiation of the defendant's guilty plea*; and (2) instances of government coercion. *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999). Whether *Harden* applies retroactively on collateral review

---

his plea. Moreover, this Court, before accepting Washington's guilty plea, again explained Washington's appellate rights, and Washington acknowledged that he waived those rights.

does not fall under either of these exceptions. Accordingly, any waiver of collateral review as to this claim is enforceable.

Further, the Court notes the following language in Washington's plea agreement:

> Defendant's waiver of his right to appeal or bring collateral challenges shall not apply to: 1) any subsequent change in the interpretation of the law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, *which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein,* and 2) appeals based upon Sentencing Guidelines amendments. . . .

(emphasis added). As the Court has already noted, the Seventh Circuit has not declared *Harden* retroactive. Moreover, *Harden* does not make the petitioner actually innocent of attempting to possess cocaine with intent to distribute; *Harden* merely addressed the propriety of the procedure by which Washington pled guilty.

### B. Ineffective Assistance of Counsel

#### 1. Overview

Washington alleges the following with respect to his ineffective assistance of counsel claim: (1) defense counsel did not advise Washington of his rights under the Speedy Trial Act, 18 U.S.C. § 3161; (2) defense counsel did not file any motion to dismiss the indictment pursuant to the Speedy Trial Act; (3) counsel did not object to "erroneous information" relied upon by this Court when

imposing sentence; and (4) counsel did not object to this Court illegally imposing a consecutive sentence.[6]

### 2. Washington waived ineffective assistance of counsel claims that pertain to sentencing

As previously noted, in his plea agreement with the government, Washington agreed that he "knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court." This waiver encompasses claims alleging ineffective assistance of counsel at sentencing. *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000).

Washington's claims with regard to counsel's failure to object to "erroneous information" relied upon by the Court when imposing sentence and the Court imposing a consecutive sentence pertain to sentencing. Accordingly, the Court finds that these claims have been waived.

### 3. Ineffective assistance of counsel claims that pertain to the Speedy Trial Act

Claims of ineffective assistance of counsel are reviewed under the two prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80

---

[6] In his reply, Washington claims that he is also asserting counsel was ineffective by failing to object to the magistrate judge taking his plea. To the extent that this argument is properly before the Court (*see U.S. v. Peel,* 668 F.3d 506, 508 (7th Cir. 2012) (arguments raised for the first time in reply brief are waived)), the claim is unrelated to plea negotiation and is waived by the enforceable waiver in Washington's plea agreement. *See Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000).

L.Ed.2d 674 (1984). Under this test, a defendant must show both: (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 688–94. The deficiency prong requires a defendant to demonstrate that the representation he received was objectively unreasonable, considering all of the circumstances. Counsel's conduct is presumed to satisfy professional standards. *Id*. at 688–89. To demonstrate actual prejudice, a defendant must show that his counsel's performance was objectively unreasonable and that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 696.

The Speedy Trial Act (the Act) provides in relevant part that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Here, Washington was indicted on February 23, 2012 for Attempted Possession with Intent to Distribute Cocaine. Washington contends that the February 23, 2012 indictment was "more than 200 days after [his] arrest." Washington contends his counsel was ineffective by failing to advise him of his rights under the Act and by failing to object to the allegedly untimely indictment.

It appears Washington is mistakenly referring to his August 5, 2011 arrest on his violation of supervised release.[7] The August 5, 2011 arrest is not the relevant arrest. *See United States v. Clark,* 754 F.3d 401, 405 (7th Cir. 2014);

---

[7] Washington's August 5, 2011, arrest was for the purpose of revoking his supervised release on an old conviction.

*United States v. Janik,* 723 F.2d 537, 542 (7th Cir. 1983); *United States v. King,* 338 F.3d 794, 797 (7th Cir. 2003). Washington was arrested, in relation to the February 23, 2012 indictment on May 15, 2012, when he appeared in the Southern District of Illinois on the Attempted Possession with Intent to Distribute Cocaine charge. Accordingly, Washington's arrest – almost three months *after* his indictment – complied with the Speedy Trial Act.

Because there was no Speedy Trial Act violation, any of counsel's alleged failures with respect to the Speedy Trial Act did not prejudice Washington. Accordingly, Washington cannot establish ineffective assistance of counsel under *Strickland*.

### C. Judicial Misconduct

Washington's claims with respect to judicial misconduct arise out of the same conduct alleged in his ineffective assistance of counsel claim. Specifically, he contends the Court (1) improperly relied on information outside of the stipulation of facts and (2) imposed an illegal consecutive sentence contrary to 18 U.S.C. § 3584. As previously discussed, waiver to the right of collateral review is generally enforceable. None of the exceptions to this general rule are applicable to Washington's waiver or to the above claims. Accordingly, collateral review of these alleged errors has been waived.

Even if waiver did not apply here, the claims would fail. To the extent the Court relied on information outside the stipulation of facts, such reliance was not in error. *See United States v. Pineeda-Buenaventura,* 622 F.3d 761, 766 (7th Cir.

2010); *United States v. Heckel,* 570 F.3d 791, 795 (7th Cir. 2009); *United States v. Davis,* 682 F.3d 596, 618 (7th Cir. 2012). Likewise, the imposition of consecutive sentences was not in error. 18 U.S.C. § 3584(a) prohibits consecutive sentences only where a defendant is convicted of both a substantive offense and for an attempt to commit that same substantive offense. That was not the case here. Washington received a sentence of imprisonment following revocation of his supervised release in the Eastern District of Missouri and a second sentence, to run consecutively with the first, for the attempted drug possession – the conduct underlying his supervised release violation – in the Southern District of Illinois. Thus, § 3584 is inapplicable.

### D. Prosecutorial Misconduct

Washington contends the prosecutor was required to inform the Court that 18 U.S.C. § 3584 did not permit a consecutive sentence. Additionally, Washington contends the prosecutor committed misconduct by referencing facts outside the stipulation of facts at the sentencing. Washington also contends that this conduct violated the plea agreement.

As already discussed, Washington's arguments with respect to 18 U.S.C. § 3584 are without merit and it is not improper to consider facts outside the stipulation of facts at sentencing. Further, the subject plea agreement does not contain any provision limiting the government to facts contained in the stipulation of facts. The Court finds Washington's claims of prosecutorial misconduct are unfounded.

## V.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether Washington's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability have been granted. *See Sandoval,* 574 F.3d at 852. A *habeas* petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, Washington must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).

Where a district court denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485.

As to Washington's claims, the Court finds that reasonable jurists would

not debate that the petition does not present a valid claim of the denial of a constitutional right, or that this Court is barred from reviewing the merits of Washington's claim.  Reasonable jurists could not debate that the petition should have been resolved in a different manner. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

## VI. CONCLUSION

Accordingly, the Court **DENIES** Washington's 28 U.S.C. § 2255 petition to vacate, set aside or correct sentence by person in federal custody (Doc. 1).  The Court **DENIES** as **MOOT** Washington's motion to compel (Doc. 20). The Court **DISMISSES with prejudice** this cause of action.  The Court **ORDERS** the Clerk of the Court to enter judgment reflecting the same.  Further, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 18th day of September, 2015.

Digitally signed by
David R. Herndon
Date: 2015.09.18
17:02:22 -05'00'

**United States District Court**