IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONALD WASHINGTON**,

    **Petitioner,**

v.     No. 14-933-DRH

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

Defendant Ronald Washington filed a motion under Fed.R.Civ.P. 60(b) seeking to have the judgment of conviction vacated on the basis that his criminal conviction is void for want of jurisdiction (Doc. 32).[1] Defendant relies upon a Seventh Circuit opinion that held magistrate judges do not have statutory authority under the Federal Magistrates Act to accept felony guilty pleas. *See United States v. Harden*, 758 F.3d 886, 888 (7th Cir. 2014).[2]

Washington's motion reasserts a challenge to the validity of his criminal conviction and does not challenge any procedural defect in the Habeas

---

[1] Washington filed an identical motion in his related criminal case (12-30059-DRH Doc. 70). That motion was dismissed for lack of jurisdiction (12-30059-DRH Doc. 74).
[2] Washington raised *Harden* based arguments in his 2255 petition. The petition was dismissed with prejudice on September 21, 2015. Thereafter, *Harden* appealed. On July 8, 2016, the Seventh Circuit issued a mandate denying Washington's petition for rehearing and declining to issue a certificate of appealability (finding no substantial showing of the denial of a constitutional right).

proceeding. As such, the motion is subject to dismissal for lack of jurisdiction as an unauthorized successive postconviction claim.  See *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Arrieta v. Battaglia*, 461 F.3d 861, 864 (7th Cir. 2006); *United States v. Scott*, 414 F.3d 815 (7th Cir. 2005).

Accordingly, the Court does not have jurisdiction to consider the defendant's motion (Doc. 32) and **DISMISSES** it for lack of jurisdiction.

**SO ORDERED.**

**Signed this 28th day of July, 2016.**

Digitally signed by Judge David R. Herndon
Date: 2016.07.28 19:33:09 -05'00'

**United States District Judge**